[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION TO MODIFY CODED 180 AND MOTION FOR CONTEMPT CODED 181
Many of these facts that give rise to this motion are not in dispute.
On July 31, 2001, the court ordered the plaintiff to pay child support in the amount of $165 per week, as per the Child Support Guidelines, but suspended all but $30 per week which it ordered the plaintiff to pay weekly. The suspended amount was ordered to accrue.
On July 31, 2001, the court also ordered the plaintiff to pay to the defendant the sum of $10 per week to reimburse the defendant for the cost of a $1,000 retainer which he paid to Attorney James Mulvey, the court appointed attorney for the minor children, pursuant to an order of the court on December 11, 2000.
On July 31, 2001, the court ordered the plaintiff to pay to the defendant the sum of $10 per week to reimburse the defendant for her share of taxes owed to the IRS pursuant to the terms of the judgment of dissolution dated May 27, 1999.
On September 10, 2001, the court in response to the defendant's motion to reargue the court's decision of July 31, 2001, ordered that the plaintiff pay child support of $100 per week when she commenced work and suspended the remainder of $65 per week. The suspended amount was ordered to accrue.
The total amount of the IRS debt that the defendant paid was $3,360. The plaintiff was to pay one-half of that amount or $1,860. As of January 6, 2003, she paid the required amount for the court appointed attorney for the minor child and paid an excess of $80 on that amount. She also paid as of that date $580 toward the IRS liability which reduced her share of that liability to $1,100. The court also gives to the plaintiff credit CT Page 169 for the excess of the $80 paid on the attorney's fee liability there by reducing the IRS liability she has to the defendant to $1,020. The court finds from the financial affidavit submitted and the child support guideline that the present order of $165 per week is within 15 percent of the guideline amount that she should pay of $186.90 per week. The court therefore finds that the present order is substantial in accordance with the guidelines and thereby denies the defendant's motion to modify. The court also finds that the plaintiff has met her burden of proving inability to pay for the fifteen weeks that she did not make the support payments ordered, and therefore denies the motion to find her in contempt and does not award any counsel fees. The total amount owed on the support order from July 31, 2001 to January 6, 2003 is seventy-three weeks at $165 per week or a total of $12,045. She paid six weeks at $30 per week or $180. The affidavit of the defendant which the court finds to be partially credible, gives her credit for having paid an additional forty-eight weeks at $100 per week or $4,800. The court further finds the defendant's testimony credible that he gave her credit for payments only through one week before Thanksgiving of 2002, and that he did not give her credit for payment of $240 made on November 26, 2002, and $320 made on December 20, 2002 for a total of $540. Therefore, the total payments that she made between July 31, 2001 and January 6, 2003 was $5,520 which reduces the court ordered support amount from $12,045 to $6,525. The court orders that the plaintiff continue to pay the $1,020 balance that she owes on the IRS liability to the defendant at the rate of $10 per week. The court further orders that the $10 per week that she had been paying on the attorney's fee liability be added to the existing $100 per week that she is paying on support to increase that support order from $100 per week to $110 per week, with a balance of $55 per week to continue to accrue. The court further orders that in the absence of any substantial change in circumstances between this date and the date the two oldest children turn eighteen, that the order entered herein continue with either party having the right to seek a modification regarding the payment of the accrued amount when the two oldest children reach eighteen and the plaintiffs obligation for support would then be subject to a motion to modify filed by the plaintiff.
 ___________________ Sidney Axelrod, Judge Trial Referee
CT Page 170